UNION STOVE WORKS v. ROBINSON et al.

(Supreme Court, Appellate Term. December 16, 1908.)

PAYMENT (§ 73*) — MODE OF PAYMENT — NOTE OF PARTNER—EVIDENCE—SUFFICIENCY.

Evidence *held* to show that a note made by an individual member of defendant partnership for the balance due from the firm was accepted by plaintiff as payment in full of the firm's debt.

[Ed. Note.—For other cases, see Payment, Dec. Dig. § 73.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Union Stove Works against Mary H. Robinson and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Rosenbluth & Silverman, for appellant.
Abraham H. Sarasohn, for respondents.

HENDRICK, J. This action was brought by the plaintiff to foreclose a lien upon certain chattels sold by the plaintiff to the defendants, the title to which the plaintiff alleges was retained by it until the goods were paid for. But two questions are presented upon this appeal: First, whether or not the transaction between the parties was a conditional sale, as claimed by the plaintiff, or an absolute sale, as claimed by the defendants; and, second, whether a note made by an individual member of the defendant copartnership, for the balance due the plaintiff, was accepted by it as a payment in full of the indebtedness of the firm.

The court below passed upon the last question in favor of the defendants, and dismissed the complaint. In this we agree with the lower court. The partner who gave his individual note for his firm's indebtedness testified positively and without objection that the note in question was given by him and accepted by the plaintiff as payment of the balance due from the firm. It is true that the method of delivery of the note was disputed by the treasurer of the plaintiff, and also it was disputed that it was accepted in payment of the debt

due from the firm. This raised an issue of fact, which the court below found in favor of the defendants. Moreover, the note itself, offered and marked in evidence, shows that it was indorsed by the plaintiff, and evidently discounted by it at its bank, it manifestly using the proceeds of the same; and there is no evidence that the plaintiff ever returned or offered to return the note, but retained the same and produced it upon the trial of this action as its own property.

Judgment affirmed, with costs. All concur.